Shuler v Cushner (2026 NY Slip Op 00032)

Shuler v Cushner

2026 NY Slip Op 00032

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P., Friedman, Mendez, Shulman, Hagler, JJ. 

Index No. 803584/22|Appeal No. 5499-5400|Case No. 2024-06594, 2025-01831|

[*1]Virgil Shuler, Appellant,
vFred Cushner, M.D., et al., Respondents.

Hach & Rose, LLP, New York (Jason Levine of counsel), for appellant.
DOPF, PC, New York (Lovely Ruby Rey of counsel), for respondents.

Judgment, Supreme Court, Bronx County (Michael A. Frishman, J.), entered December 31, 2024, in favor of defendants, and bringing up for review an order, same court and Justice, entered October 9, 2024, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In this medical malpractice action, the court correctly granted defendants' motion for summary judgment dismissing the complaint. Defendants established prima facie that they did not depart from good and accepted medical practice by performing a left knee total replacement surgery or that any such departure was not the proximate cause of plaintiff's need for a left knee revision arthroplasty and permanent left knee disabilities (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]). Defendants' expert opined that the condition of plaintiff's left knee was worse than that of his right knee based on his documented range of motion and radiology films, and that the relative lesser pain of the left knee could be explained by the fact that plaintiff was likely compensating for his left knee weakness by shifting his weight to his right side; that it therefore made sense to intervene with respect to the left knee first; that plaintiff's condition was not going to improve with additional physical therapy, since he had already undergone physical therapy, which had not produced results; and that left knee total replacement surgery was thus indicated. Defendants' expert additionally opined that the worsening of plaintiff's condition was due to the post-surgical development of scar tissue, citing the "initial good range of motion and the subsequent slowly decreasing range of motion" after both the knee replacement and revision surgeries, which development of scar tissue was not foreseeable or preventable but reflected a genetic predisposition. These opinions were not conclusory and were supported by plaintiff's medical records.
Plaintiff's expert's affirmation, which was conclusory and ignored plaintiff's medical records and defendants' expert's opinions, was insufficient to raise issues of fact precluding summary judgment.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026